In re George R. SWEENEY, Deceased.

**Appeal of Philip A. QUATTRONE and the Accounting Professionals, P.C.**

Superior Court of Pennsylvania.

May 5, 1997.

Bernard T. McArdle, Greensburg, for appellants.

John W. Pollins, III, Greensburg, for appellees.

Before TAMILIA, SAYLOR, and SCHILLER, JJ.

TAMILIA, Judge.

This is an appeal from the Order of May 21, 1996 disposing of a petition for fees related to the administration of the estate of George R. Sweeney, who died on May 20, 1992.

On June 1, 1992, appellant/Philip A. Quattrone, who is employed as a public accountant with Accounting Professionals, P.C., was one of four executors appointed to handle the estate of George Sweeney. On August 16, 1995, he filed a Petition for Rule to Show Cause Why Fees Should Not be Paid seeking compensation for services he performed as co-executor and accountant for the estate. A hearing was scheduled for October 2, 1995, however the court appointed a master to conduct an evidentiary hearing and make recommendations to assist the court in resolving the issues raised in the petition. The hearing was held on April 24, 1996, following which the master prepared a report, which included findings of fact, conclusions of law and recommendations to the court. Appellant filed exceptions to the report following which, on May 21, 1996, an Order was entered, which adopted the report in its entirety. Specifically, the court dismissed appellant's petition as it related to the payment of executor fees to him and held that each

executor was entitled to $13,362 and appellant was entitled to an additional $10,325 as fair compensation for accounting services rendered. The court also entered a judgment against appellant in the amount of $36,-323, representing the amount he charged the estate ($60,010) in excess of his allowable compensation, and directed the remaining executors to each refund the sum of $46,747 to the estate as overpayment for services performed.

Prior to addressing the issue on appeal, we will decide appellees'[1] motion to quash for failure to file a motion for post-trial relief in accordance with Pa.R.C.P. 227.1(c)(2). Specifically, they claim appellant filed a direct appeal to this Court following the entry of the May 21, 1996 Order without first filing proposed findings of fact and conclusions of law to either the master or the court or filing post-trial motions within ten days of the Order. As such, appellees argue appellant has failed to preserve any issues for appeal.

■ We find, however, that appellant did correctly file his appeal to this Court in accordance with the Supreme Court Orphans' Court Rules and the local rules of Westmoreland County. The "pleading and practice in orphans' court shall conform to pleading and practice in equity, unless otherwise prescribed by statute, supreme court rule, or local orphans' court special order or rule." *In re Adoption of Hamilton*, 362 Pa.Super. 249, , 523 A.2d 1176, 1177 (1987); see also Pa.O.C.Rule 3.1. "Exceptions shall be filed at such place and time, shall be in such form, copies thereof served and disposition made thereof as local rules shall prescribe." Pa.O.C.Rule 7.1, Exceptions. Here, the orphans' court rules for Westmoreland County specifically provide:

(a) Except as provided in (b) below, and except for interlocutory decrees and orders, all decrees and orders are final unless specifically captioned by the court as a decree nisi. No exceptions shall be filed to final decrees and orders, and they must be appealed directly to the Superior Court.

(b) Exceptions to any order or decree nisi must be filed with the clerk within ten

1. The appellees in this appeal are Rose S. Melenyzer, George R. Sweeney, II, and JoAnne B. Terriso, the personal representatives and trustees of the estate of George R. Sweeney.

days after notice of the decree. Issues not raised in the exceptions shall be deemed waived. If no exceptions are filed, the decree shall become nonappealable.

Westmoreland County Orphans' Court Rule W0109(a) and (b). Accordingly, since the court Order of May 21, 1996 was captioned an "Order of Court", we find the above rules applicable and no exceptions were necessary.

Appellant now claims the court erroneously relied upon the master's report without considering his exceptions and without providing the parties an opportunity to persuade the judge. He argues the judge did not hear testimony or arguments of counsel, but rather decided this matter based solely on the master's report without affording the parties due process.

> Our scope of review of a decree or order entered by the Orphans' Court is extremely limited. We will modify a decree only if it is not supported by competent or adequate evidence, if an error of law has been committed, or if the trial court abused its discretion or capriciously disbelieved credible or competent evidence.

*In re Estate of Maljovec,* 412 Pa.Super. 80, 602 A.2d 1317, 1319 (1991).

Here, the record reflects the master conducted a thorough hearing on April 24, 1996, following which he submitted a detailed 17–page report in conformity with Pa.O.C.Rule 8.4, Form of Master's Report. We note the hearing was transcribed and the report was filed within ninety (90) days pursuant to Pa. O.C.Rule 8.2, Filing of Report. The court thereafter, noting it had reviewed the case and examined the report, adopted the master's report, findings of fact and conclusions of law as the court's own. Appellant has provided this Court with no caselaw or statutory law to support his assertion the trial court erred in relying on the master's report. Rather, he makes a bald, unsubstantiated argument with absolutely no citations to authority as required by Pa.R.A.P. 2119(b), Argument. Furthermore, appellant does not allege yet alone prove the court's final decision was flawed or based upon incredible or incompetent evidence. An exhaustive review of statutory law, caselaw and the rules of civil and orphans' court procedure provides no

support for appellant's position that it is mandatory upon the trial court to grant a hearing, take testimony or in any other manner set aside the findings and conclusions of the master absent a finding of error in applying the law to the facts, or failure by the master to fully consider all matters required to be heard. There is a dearth of cases concerning the review of masters' recommendations in orphans' court, but there is a plethora of cases regarding review in family cases, particularly equitable distribution followed by a decree in divorce. While domestic relations practice is not controlling, in several respects it offers guidance, as indicated below.

The starting point in considering the scope of review of masters' findings at both the trial level and the appellate level is that the appointment of masters and the exercise of their authority is purely a creature of statute or rule. The statute or rule creates or totally circumscribes, limits or prohibits the use of masters in a given procedure. The overall authority of courts to appoint masters is established by the Judicial Code, 42 Pa.C.S. § 101 *et seq.*

Section 102 of the Code defines "Appointive judicial officers" as "Arbitrators, auditors, commissioners to take oaths and depositions, custodians, examiners, guardians, masters, mental health review officers, receivers, referees, trustees, viewers and other like officers." Section 323, Powers, grants to each court all of the powers necessary to issue and enter orders essential to the exercise of its jurisdiction and to promulgate such rules as the interest of justice and the business of the court may require. The authority to appoint and fix the compensation and duties of necessary personal and administrative staff is found at section 2301.

Title 20 of Pennsylvania's Consolidated Statutes, "Decedents, Estates and Fiduciaries" provides the orphans' court divisions of the courts of common pleas the power to appoint masters at section 751(1). The orphans' court divisions may appoint masters "to investigate any issue of fact and to report his findings of fact, conclusions of law and recommendations to the court." 20 Pa.C.S. § 751(1). Section 753 provides the master

with subpoena power, and the Judicial Code at 42 Pa.C.S. § 327, Oaths and acknowledgments, gives masters the power to administer oaths and affirmations and take acknowledgments.

The Supreme Court's Orphans' Court Rule 8 establishes standards for a master's report.

RULE 8.4 FORM OF MASTER'S REPORT

A master's report shall state the number, times, dates and duration of the hearings before him, the number, extent and causes of any delays or continuances, and the basis of the court's jurisdiction, and shall include a statement and discussion of the questions involved, findings of fact and conclusions of law, and specific recommendations.

RULE 8.5 TRANSCRIPT OF TESTIMONY

The transcript of testimony taken before an auditor or master shall be filed with his report.

. . .

RULE 8.7 CONFIRMATION OF REPORT

(a) The report of an auditor shall be confirmed in such manner *as local rules shall prescribe.*

(b) *The report of a master shall not be approved until a decree is entered adopting its recommendations.*

(Emphasis added.) As to exceptions, they are provided for by Orphans' Court Rule 7.1.

RULE 7.1 EXCEPTIONS

Exceptions shall be filed at such place and time, shall be in such form, copies thereof served and disposition made thereof *as local rules shall prescribe.*

(Emphasis added.)

■ Applying the foregoing statements and rules to this case, it is apparent that appointment of the master and the exercise of his authority are circumscribed by the applicable sections of the Orphans' Court rules and the local rules of Westmoreland County. It is clear, the question of whether or not the judge is required to review exceptions to the master's report or post-trial motions to the Order or decree entered by the court following the master's report is determined by the particular class of case. Here, the procedure did not require a hearing de novo, or arguments or briefs directed to the master's report. Only when a decree is not final, as a decree nisi, are exceptions, motions and arguments permitted.

■ As detailed above, Westmoreland County local rules provide that exceptions are required only if the order is specifically designated as a decree nisi; other orders are considered final and a direct appeal lies with the Superior Court. The appellant claims this denies him the opportunity to present his position anew to the judge. Since the role of the orphans' court judge in reviewing a master's report is similar to a review by a judge of the findings of a jury, *In re Krepinevich's Estate*, 433 Pa. 78, 248 A.2d 844 (1969), appellant's objection is without merit. In this case, pursuant to Orphans' Court rules and local Westmoreland County rules, a master was appointed, hearings were scheduled and held, a master's report with a transcript was filed and exceptions to the report were made which were available for consideration by the trial judge when he reviewed the record and master's recommendations. Upon his review, the trial court had the power to accept or reject the master's report and recommendations in whole or in part; he could have remanded to supplement the record or for consideration of issues not fully considered by the master; he could have held hearings to supplement the findings of the master, as he could have permitted oral arguments and submission of briefs, all before he entered the final Order. Aside from the review of the master's report, recommendations and transcript, however, no further proceedings were required. We must presume that the court also reviewed appellant's exceptions as they were available to him when he reviewed the case. The trial judge elected to accept the findings of fact, conclusions of law and recommendations of the master in full and to enter an order to that effect. Such an order, pursuant to the local rules of Westmoreland County, is final and directly appealable to this Court. The appellant had no right to further consideration or review by the trial court and most certainly

he had no right to a de novo hearing of the matters considered by the master.

■ In specific classes of cases such as termination of parental rights, partition, fiduciary accounting or a sheriff's schedule of proposed distribution, a decree nisi is required, with objections thereto being submitted and argued before a final decree is entered. See Pa.R.C.P. 227.1 **Post-trial relief.** A decree nisi is not required in this class of case which has nothing to do with the substantive disposition of an estate, adoption, termination of parental rights, a forced sale of property or other preliminary order which is interlocutory by nature, or where the court designates the order to be a decree nisi. If the order meets the test of Pa.R.A.P. 341, **Final Orders; Generally,** it is directly appealable to Superior Court. This case involves the appropriateness of fees assessed to appellee's estate by appellant accountant and co-executor. As such, the proper findings and recommendations by the master, as adopted by the trial court, disposed of all matters before the court, thus meeting the requirements of a final order when the order was entered. Despite the requirement and effect of the rules in this regard, appellant was not relieved of the duty to state exceptions to the findings, conclusions and recommendations of the master, for these exceptions, even if not considered meritorious by the trial court, are the basis for appellant's appeal. Had he failed to make objections or to file exceptions, those matters would have been waived and appellant's appeal would normally be dismissed by this Court. Exceptions to the Order of the trial court, however, as stated above, were not necessary to sustain the appeal.

■ The essence of appellant's allegations of error by the trial court is the failure to provide a hearing or a de novo review of his petition for payment of fees. As noted above, appellant cites no caselaw or statutory law to support this position. Borrowing from family law and the extensive use of hearing officers and masters in those cases, exceptions to master's findings or reports must be set forth separately, and be stated precisely and without discussion. *Barner v. Barner,*

364 Pa.Super. 1, 527 A.2d 122 (1987). This concept is equally relevant here and is in keeping with the requirement of Pa.R.A.P. 2116, **Statement of Questions Involved.** Aside from appellant's allegation that the court failed to provide a hearing in addition to the proceeding held before the master, we have no basis for finding any error by the master or trial court. In reviewing the record on appeal, Superior Court will find abuse of discretion by the trial court only if it has misapplied the law or failed to follow proper legal procedures and the trier of fact, here, the master, is entitled to weigh the evidence presented and assess its credibility. *Fonzi v. Fonzi,* 430 Pa.Super. 95, 633 A.2d 634 (1993). The fact-finder is free to believe all, part or none of the evidence and Superior Court will not disturb credibility determinations of the court below. *Id.; Thomson v. Thomson,* 359 Pa.Super. 540, 519 A.2d 483 (1986). The trial court properly found from the record and the master's report that the petition for fees was unsupported by the law and evidence and adopted the report and record in toto.

■ In summation, as to the demand by appellant for a judicial hearing after a thorough judicial review of the master's report, it is without merit. When a master hears a matter on the record and submits a transcript with his findings of fact, conclusions of law and recommendations, the trial court has before it a complete record for review. Since the local rules do not require it, the trial court need not hear arguments on exceptions to the master's report, although it would be permissible. Whether or not the trial court hears arguments prior to filing its order after reviewing the master's report, appellant is not entitled to further hearings or review de novo. The Order as filed by the trial court was final and appealable. While slightly different because of rules governing the procedure in family cases which require argument following exceptions to a master's report, see **Pa.R.C.P.1920.55–2 Master's Report. Notice. Exceptions. Final Decree,** the practice, that a hearing de novo is not to be had before the trial court and motions for post-trial relief are not to be entertained

after entry of a final appealable order by the trial court, is the same. *Pavie v. Pavie,* 414 Pa.Super. 294, 606 A.2d 1207, (1992).[2] After our independent review of the record, we find the Order to be supported by competent evidence. Accordingly, we find appellant's claim to be devoid of merit.

Motion to Quash denied.

Order affirmed.

2. Pa.R.C.P. Rule 1920.55–2, as adopted by the vast majority of jurisdictions in Pennsylvania, permits a final decree to be entered following a master's report, exceptions thereto and argument, or if no exceptions are filed, permits a decree to be entered upon the court's review and approval of the report, following which no post-trial motions are permitted. An alternate hearing procedure pursuant to Rule 1920.55–3, permits a hearing de novo upon demand. The final decree is from the hearing de novo, with no post-trial motions permitted.