J-A09038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ESTATE OF CARLTON HOFF STAUFFER, BY AND THROUGH ITS ADMINISTRATOR, HOFF STAUFFER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARZANNA BIELAVA, | |
| Appellee | No. 906 MDA 2015 |

Appeal from the Order Entered October 14, 2014
in the Court of Common Pleas of York County
Orphans' Court at No.: 6712-1787

BEFORE:  FORD ELLIOTT, P.J.E., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                              **FILED JULY 20, 2016**

Appellant, the Estate of Carlton Hoff Stauffer, by and through its

administrator, Hoff Stauffer, appeals from the trial court's order dismissing

its petition to return estate assets received by Appellee, Marzanna Bielava.[1]

We affirm.

We take the relevant facts and procedural history of this case from the

trial court's September 17, 2015 opinion and our independent review of the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the order denying its motion for post-trial relief.  "However, appeals are not properly taken from orders denying post-trial motions or exceptions."  **Growall v. Maietta**, 931 A.2d 667, 669 n.1 (Pa. Super. 2007), *appeal denied*, 951 A.2d 1164 (Pa. 2008) (citations omitted).  We have amended the caption accordingly.

record.   Carlton Hoff Stauffer (Decedent) executed a will on October 17, 2012.  He died on October 29, 2012, at ninety-years-old.  Decedent met and began dating Appellee, who was thirty years his junior, in 1996.  In his will, Decedent bequeathed an annuity to Appellee that would pay $2,000.00 per month for her life.   He bequeathed the remainder of his estate to his children, Hoff Stauffer and Jane Thompson.

On August 13, 2013, Appellant instituted this action, in which it alleges that Appellee converted $700,000.00 of Decedent's wealth by forging his signature to 209 checks drawn on his bank account.   Appellee filed an answer and then a motion for summary judgment.  The trial court appointed a discovery Master who filed a report and recommendation on September 26, 2014.   The Master recommended, *inter alia*, that the court grant Appellee's motion for summary judgment for Appellant's failure to produce sufficient evidence of forgery.  The court did not adopt this recommendation.

The case proceeded to a five-day bench trial on September 29, 2014. On October 14, 2014, the trial court entered its decision dismissing Appellant's petition to return estate assets.  On that same date, Appellant filed a motion for post-trial relief and exceptions to the trial court's decision. **See** Pa.O.C.R. 7.1(a).   The court held a hearing on April 28, 2015, and entered its order denying Appellant's motion on May 4, 2015.  On May 27,

2015, Appellant filed this timely appeal.[2] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on June 12, 2015. *See* Pa.R.A.P. 1925(b).[3] The trial court entered an opinion on September 17, 2015. *See* Pa.R.A.P. 1925(a).

Appellant raises the following questions for our review:

1. Whether, where a trial judge sitting in Orphans' Court improperly delegates—in a manner neither authorized by Orphans' Court rule or state law and without regard to established procedures—substantive judicial functions to a master, any decision based in whole or in part on the master's findings must be vacated and a new trial awarded?

2. Whether, assuming *arguendo* the trial court had properly delegated its judicial functions to the master, in circumstances

---

[2] Appellee filed a motion to quash this appeal as untimely, which this Court denied without prejudice on August 20, 2015. In the motion, Appellee stated that the appeal period expired on March 16, 2015. (*See* Motion to Quash, 7/07/15, at 2-3). However, the trial court did not enter an order disposing of Appellant's exceptions until May 4, 2015, and Appellant filed the notice of appeal within thirty days of that date. *See* Pa.O.C.R. 7.1(a) (providing "[i]f exceptions are filed, no appeal shall be filed until the disposition of exceptions[.]"); *see also* Pa.R.A.P. 903(a). Accordingly, this appeal is timely.

[3] Appellant's four-page Rule 1925(b) statement is rambling and far from concise. (*See* Rule 1925(b) Statement, 6/12/15, at 1-4). In it, Appellant raises myriad issues stemming from the Master's involvement in this case. (*See id.*). While the statement violates Pennsylvania Rule of Appellate Procedure 1925(b)(4)(iv), we decline to find waiver in this case, where the court did not indicate a lack of good faith with regard to Appellant's presentation of issues. *See* Pa.R.A.P. 1925(b)(4)(iv) (requiring "non-redundant, non-frivolous issues [to be] set forth in an appropriately concise manner[.]"); *see also LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 388 (Pa. Super. 2008), *appeal denied*, 960 A.2d 841 (Pa. 2008) (declining to find waiver under similar circumstances).

where the master himself acted beyond his mandate and improperly, and, in derogation of the Rules of Civil Procedure, addressed the scope and sufficiency of expert testimony, must any decision based on the master's recommendations be vacated and a new trial awarded?

3. Whether, where the master and the trial court engaged in *ex parte* communications giving rise to the appearance—if not actual evidence—of impropriety, the trial court should have recused *sua sponte*, and, having failed to do so, its decision must be vacated and a new trial awarded?

4. Whether, where a trial court's arbitrary and capricious decision to reject detailed, unopposed testimony from [Appellant's] handwriting expert, requires the grant of a new trial?

(Appellant's Brief, at 4-5) (emphasis omitted).

Our standard of review of an orphans' court's decision is deferential. When reviewing an orphans' court decree, this Court must determine whether the record is free from legal error and whether the orphans' court's findings are supported by the record. Because the orphans' court sits as the finder of fact, it determines the credibility of the witnesses and, on review, this Court will not reverse its credibility determinations absent an abuse of discretion. However, this Court is not bound to give the same deference to the orphans' court conclusions of law. Where the rules of law on which the orphans' court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree. Moreover, we point out that an abuse of discretion is not merely an error of judgment. However, if in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be manifestly unreasonable or the product of partiality, prejudice, bias, or ill will, discretion has been abused.

*In re Estate of Zeevering*, 78 A.3d 1106, 1108 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1010 (Pa. 2014) (citations omitted).

We will address Appellant's first three claims pertaining to the Master together because they are related. In these issues, Appellant argues that

- 4 -

the court delegated its judicial decision-making function to the Master, who grossly exceeded his authority by deciding all of the disputed issues in the case. (*See* Appellant's Brief, at 17, 27). Appellant contends that the Master unilaterally injected himself into various legal issues in the case, and improperly influenced the trial court. (*See id.* at 28). Appellant also maintains that the court should have recused itself *sua sponte* because it engaged in improper *ex parte* communications with the Master by discussing his report the day before trial commenced. (*See id.* at 29). These claims do not merit relief.

Section 751 of the Probate, Estates, and Fiduciaries Code provides for appointment of masters in Orphans' Court cases. It states, in pertinent part:

> The orphans' court division may appoint:
>
> (1) **Masters**. A master to investigate any issue of fact and to report his findings of fact, conclusions of law and recommendations to the court.

20 Pa.C.S.A. § 751(1). Orphans' Court Rule 8.7(b) provides: "The report of a master shall not be approved until a decree is entered adopting its recommendations." Pa.O.C.R. 8.7(b). The trial court has the power to accept or reject the master's report and recommendations in whole or in part. *See In re Sweeney*, 695 A.2d 426, 429 (Pa. Super. 1997), *appeal denied*, 701 A.2d 578 (Pa. 1997).

Here, the court appointed the Master to assist in discovery because the parties planned to admit over 500 exhibits at trial. (*See* Order, 3/24/14). The Master's primary responsibility was to winnow the number of exhibits and to obtain agreement on their authenticity and admissibility. (*See id.*).

Our review of the record belies Appellant's claim that the Master, in effect, usurped the role of the trial court and unduly influenced the proceedings. Instead, the record reflects that the court did not adopt many of the Master's recommendations and that Appellant presented its case to the court during a five-day bench trial. In addressing Appellant's claims regarding the Master, the court explained:

> This court received a copy of the Master's Report and briefly scanned the recommendations but did not read it in its entirety [before trial]. . . .
>
> *    *    *
>
> This court notes that the Master's Report recommended that Appellee's motion for summary judgment be granted and that no trial was necessary, nonetheless, this court did not follow this recommendation and was prepared to oversee a jury trial. In fact, this court did not follow a majority of the Master's other recommendations[.] . . . However, Appellant's counsel nonetheless agreed to a bench trial at the beginning of the proceeding[.]
>
> *    *    *
>
> Appellant has not, at any point prior to trial or during trial, filed a motion requesting this court's recusal. . . .
>
> *    *    *
>
> [T]he court met with the Master for approximately twenty minutes on the Friday proceeding trial. Given that this court

- 6 -

never read the entirety of the Master's report until after trial, we do not see why a recusal would have been appropriate or how Appellant was prejudiced. This court independently made its determinations without consulting the Master's report.

\* \* \*

The Master acted in accordance to the March 24, 2014 order [appointing him] and this court does not find that the Master stepped outside the scope of his duty. . . .

\* \* \*

In summary, this court made its decision based on the evidence presented at trial as detailed in the decision filed October [14], 2014 and without consideration to recommendations made by the Master. . . .

(Trial Court Opinion, 9/17/15, at 7-8, 14-15, 17-18) (some capitalization omitted).

Thus, it is clear that the court created its own record during a lengthy bench trial and reached an independent determination on the merits of the case based on the evidence before it. The Master's involvement in this case was not determinative. Therefore, Appellant's claims taking issue with the role of the Master are not supported by the record and do not merit relief.

In its final issue, Appellant contends that "the trial court erred by flatly rejecting on grounds of credibility alone the detailed, unopposed testimony from [its] handwriting expert, hence a new trial is warranted." (Appellant's Brief, at 33) (emphasis, internal quotation marks, and some capitalization omitted). However, Appellant did not include this issue in its prolix Rule 1925(b) statement. (*See* Rule 1925(b) Statement, 6/12/15, at 1-4). Therefore, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included

- 7 -

in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *see also Dubose v. Quinlan*, 125 A.3d 1231, 1238 (Pa. Super. 2015). Accordingly, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2016