J-A18042-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| IN RE: FRANCIS MICHAEL SCHENCK A/K/A F. MICHAEL SCHENCK, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: CYNTHIA WALTERS, EXECUTRIX OF THE ESTATE OF FRANCIS MICHAEL SCHENCK A/K/A F. MICHAEL SCHENCK | : : : : | No. 194 WDA 2017 |

Appeal from the Order January 10, 2017
In the Court of Common Pleas of Butler County
Orphans' Court Division at No(s):  O.C. No. 7 of 2016

| IN RE: FRANCIS MICHAEL SCHENCK A/K/A F. MICHAEL SCHENCK, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: CYNTHIA WALTERS, EXECUTRIX OF THE ESTATE OF FRANCIS MICHAEL SCHENCK A/K/A F. MICHAEL SCHENCK | : : : : | No. 292 WDA 2017 |

Appeal from the Order January 27, 2017
In the Court of Common Pleas of Butler County
Orphans' Court Division at No(s):  O.C.. Case No 7 of 2016


BEFORE:   BOWES, LAZARUS and OTT, JJ.

MEMORANDUM BY OTT, J.:                    FILED OCTOBER 23, 2017

Cynthia Walters, Executrix of the Estate of Francis Michael Schenk A/K/A F. Michael Schenck (Appellant) appeals from the orders entered January 10, 2017, and January 27, 2017, in the Court of Common Pleas of Butler County, Orphans' Court Division, ordering advance distributions to Beverly J. Schenk

(Appellee).[1]  Appellant asserts the orphans' court erred in (1) ordering an advance distribution to Appellee prior to the filing of an Estate Accounting, and (2) ordering that Appellee was entitled to select specific assets from which the value of her elective share is derived.  Appellant's Brief at 5.  Based upon the following, we affirm.

By way of background, at the time of his death on November 9, 2015, F. Michael Schenck (Decedent) had three adult children from a previous marriage, David M. Schenk, Deborah L. Smith, and Cynthia L. Walters, and was married to Appellee.  On January 13, 2016, Appellee filed an Election to take against Decedent's Will.  See 20 Pa.C.S. § 2203 (providing surviving spouse with right to an elective share of one-third of deceased spouse's property).  In 2016, the orphans' court authorized two advance distributions to Appellee that were not contested.  However, the court ordered two more advance distributions to Appellee in January of 2017 that are the basis of this consolidated appeal.

The trial court has summarized the facts and procedural history that occurred subsequent to Appellee's election, as follows:

> On or about February 11, 2016, this Court granted the first preliminary distribution, of four advance distributions, from Cynthia L. Walters, Executrix of the Estate of Michael Schenck a/k/a F. Michael Schenck, Deceased, to Beverly J. Schenk, wife of Michael Schenck a/k/a F. Michael Schenck, Deceased.  See Order

_____

[1] On March 13, 2017, this Court consolidated the above-captioned appeals sua sponte.

- 2 -

of Court under date of February 11, 2016.[2]  In said Order of Court, Ms. Walters was directed to ensure that "any activity and/or distributions from the Morgan Stanley portfolio shall be limited such that assets maintained in the portfolio shall at no time be less than five million dollars ($5,000,000.00) in value …."

Another distribution was granted to Mrs. Schenck by Consented to Order under date of September 29, 2016.[3] Likewise, this Court granted Ms. Walter's Motion to Make an Advanced Distribution by Order under date of December 1, 2016, to David M. Schenk, Deb[or]ah L. Smith, and Cynthia L. Walters [of $100,000.00 each from marketable securities in the Morgan Stanley accounts].  It is the understanding of this Court that all aforesaid distributions were undertaken by the parties without incident or complaint.

In accordance with provision of the Order of Court under date of February 11, 2016, directing Ms. Walters to maintain the integrity of the Morgan Stanley accounts, and with the understanding that such funds still existed, this Court ordered two further advanced distributions to Mrs. Schenck.  [On January 10, 2017, the orphans' court entered an order directing Cynthia L. Walters, Executrix of the Estate of Francis Michael Schenck, a/k/a/ F. Michael Schenck, to make distribution of assets, in cash or in kind, to be determined at the request of counsel for Mrs. Beverly J. Schenck, in the amount of $1,500,000.00.  By Order dated January 25, 2017, and entered on January 27, 2017, the orphans' court directed Cynthia L. Walters, Executrix of the Estate of Francis Michael Schenck a/k/a F. Michael Schenck, Deceased, to make an additional distribution of assets, in cash or kind, to be determined at the request of counsel for Mrs. Beverly J. Schenck, in the amount of $500,000.00.]  See Order of Court Regarding

_____

[2] The Order directed Cynthia L. Walters, Executrix of the Estate of Francis Michael Schenck, Deceased to provide a preliminary distribution in the amount of $50,000.00 to Beverly J. Schenck as an advance distribution against her share/interest in the Estate.

[3] The Consented to Order provided that "upon consent of the Executrix, Cynthia L. Walters, and Beverly J. Schenck, … Cynthia L. Walters, Executrix of the Estate of Francis Michael Schenck ('the Estate'), shall tender an advance distribution in the amount of $100,000.00 by check from the Estate's Morgan Stanley portfolio to the surviving spouse, Beverly J. Schenck …."

Counter-Motion for Advance Distribution under date of January 10, 2017; and, Status Conference Order under date of January 25, 2017. It is from those two aforementioned Orders that Appellant, Cynthia L. Walter, Executrix of the Estate of Michael Schenck a/k/a F. Michael Schenck, Deceased, has appealed.

Appellant filed her Notice of Appeal to the Superior Court of Pennsylvania from the Order of Court Regarding Counter-Motion for Advance Distribution under date of January 10, 2017, on or about January 27, 2017. Upon receipt of said Notice of Appeal, on or about February 2, 2017, in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, this Court entered an Order of Court wherein the Appellant was directed to file of record and serve upon the undersigned trial judge a Concise Statement of Matters Complained of on Appeal no later than twenty-one (21) days from the date of the Order of Court.

It should be noted that counsel for both parties appeared in Motions Court on an issue relating to contempt on or about March 2, 2017. At the time, this Court was advised by counsel that Appellee, Beverly J. Schenck, had passed away.[4] Counsel further indicated that in light of the passing, significantly less hostility exists between the parties now in interest.

[With respect to the January 10, 2017, Order, o]n or about February 23, 2017, the Appellant, Cynthia L. Walters, Executrix of the Estate of Michael Schenck a/k/a F. Michael Schenck, Deceased, filed a [timely] Concise Statement of Matters Complained of On Appeal pursuant to the Pennsylvania Rules of Appellate Procedure.[5]

Trial Court Opinion, 3/28/2017, at 1–3.

_____

[4] After these appeals were filed, Appellee died on February 17, 2017. Appellee's Estate filed a Motion for Substitution of Party, which this Court granted on April 18, 2017.

[5] On March 10, 2017, Appellant filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) as to the orphans' court's order, dated January 25, 2017, and entered January 27, 2017. Appellant's Rule 1925(b) statement filed on February 23, 2017, and Appellant's Rule 1925(b) statement filed on March 10, 2017, are identical.

- 4 -

Our standard of review for decisions of the Orphans' Court is well settled: "We will modify a decree [or order] only if it is not supported by competent or adequate evidence, if an error of law has been committed, or if the [Orphans' Court] abused its discretion or capriciously disbelieved credible or competent evidence." In re Sweeney, 695 A.2d 426, 428 (Pa. Super. 1997) (quotation omitted).

In the first issue, Appellant claims the orphans' court "erred in [o]rdering that the Estate make advance distributions [that total $2,000,000.00] to the electing spouse [Appellee] prior to the filing of an accounting." Appellant's Brief at 11. Appellant argues:

> The actions of the Lower Court, here, have effectively divested the Executrix of her responsibilities and duties related to the Administration of the Estate of her father. "An executor's duty is to take care of the estate and to administer it so as to preserve and protect the property for distribution to the proper persons within a reasonable time."

Id. at 12, citing In re Estate of Campbell, 692 A.2d 1089, 1101 (Pa. Super. 1997). Appellant further contends there are outstanding issues regarding "argument on the inclusion or exclusion of certain assets in the Elective Estate, and the calculation of administrative expenses and other amounts" that can only occur after the Estate files an Accounting and Statement of Proposed Distribution, which cannot be accomplished until approval of four previous filed tax returns. See id. at 13.

Appellant claims "[t]he distribution of an amount so close to an estimated elective share in this matter, without the Court's approval of an

- 5 -

elective share calculation, places the Estate at a much higher risk that [Appellee] will receive more than the amount to which she is entitled as a result of her election." Id. at 14. Appellant contests the orphans' court's explanation that it ordered the advance distributions "in an attempt to 'assuage the parties'' animosity toward one another, and efficiently administer the Estate ...." Appellant maintains that "it is the Executrix's duty to administer the Estate, and there has been no wrongdoing by the Executrix nor a demonstrated inability of the Executrix to administer the Estate." Id. at 14–15.

Appellant points out that the Court had imposed a requirement that the Morgan Stanley portfolio of the Estate remain in excess of $5,000,000.00 in value, pending further order of court or final distribution and, "[t]o that end, the assets of the Estate are sufficiently safeguarded, such that the Estate will be financially able to make distribution to [Appellee] upon final calculation of the Elective share and approval of a final Accounting." Id. at 15.

Appellant concludes that "Without breach of a fiduciary duty, or mismanagement of the Estate, and without an accounting having been filed, it was improper for the [c]ourt to [o]rder advance distributions totaling two million dollars ($2,000,000.00) over the objection of the Estate. The [c]ourt had no authority to do so." Id. at 16.

Section 2211 of the Probate, Estates and Fiduciaries Code, entitled "Determination of effect of election; enforcement," provides, in relevant part:

(a) Power of court of domicile. — After notice and hearing, the orphans' court division of the county of the decedent's domicile shall determine all matters concerning the spouse's election, including the interests and liabilities of the spouse and others in or with respect to all property, regardless of its situs, which is subject to the election or which must be disclaimed, released or conveyed by the spouse or charged against the elective share.

* * * *

(c) Enforcement. — The rights of the electing spouse may be enforced, as the court considers appropriate, by orders, decrees or judgments requiring the performance of specific acts by, or imposing personal liability on:

(1) any fiduciary, custodian or obligor to the extent that he is in possession of property subject to the spouse's election or its proceeds; ...

20 Pa.C.S. § 2211 (a), (c)(1).

Here, the trial court justified its decision, as follows:

This Court has exercised its equitable powers in this matter in an attempt to assuage the parties' animosity toward one another, and efficiently administer the Estate of Michael Schenck a/k/a F. Michael Schenck, Deceased. In conferring with counsel throughout this matter, this Court was made aware that there are more than sufficient assets in the Estate to cover the Elective Share of Beverly J. Schenck. It is this Court's position, as it has always been, that there can be no harm done in advancing assets to the Appellee, especially given that the total ordered advancements in no way come close to the total estimation of her Elective Share.

While it is not lost on this Court that ... Ms. Walters and Mrs. Schenck did not care for one another, it serves neither party any benefit to delay this matter any longer than need be. Although Appellee has since passed, during the time she remained alive in the pendency of this action, her opposition was her family. The purpose of the advancements was to both provide Mrs. Schenck with funds to live, while simultaneously decreasing the assets in conflict with the desire that resolution would be achieved between the litigants.

Orphans' Court Rule 1925(a) Opinion, 3/28/2017, at 3–4. Based on our review, we find no basis upon which to disturb the decision of the orphans' court.

The orphans' court has "all legal and equitable powers required for or incidental to the exercise of its jurisdiction." In re Estate of Damario, 412 A.2d 842, 844 (1980), citing 42 Pa.C.S. § 323. Section 323 of Title 42 provides:

> Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.

42 Pa.C.S. § 323.

Here, the orphans' court determined that the distributions would help to "'assuage the parties' animosity toward one another, and efficiently administer the Estate."[6] Furthermore, the court ascertained that "the total ordered advancements in no way come close to the total estimation of her [one-third] Elective Share."[7] One month before the advance distributions ordered January 10, 2017, and January 27, 2017, the Executrix had averred that Estate assets

---

[6] Orphans' Court Opinion, 3/28/2017, at 3.

[7] Id.

"consist of some real estate and personal property, but the large majority of the assets consist of more than $9,000,000.00 in marketable securities in accounts held by Morgan Stanley." Motion Requesting to Make an Advance Distribution to David M. Schenk, Deborah L. Smith, and Cynthia L. Walters (With Consent), at 12/1/2016, ¶7 (emphasis added).

Although Appellant argues that the amount of the advance distribution is "so close" to the elective share and that the Estate is at "a much higher risk" that Appellee will receive more than her elective share, Appellant failed to support her position that the amount of the elective share cannot be ascertained until she files an Accounting and Statement of Proposed Distribution.[8] The challenged distribution was made fourteen months after the decedent's death. The Pennsylvania Inheritance Tax Return detailing the gross and net taxable value of the estate was due nine months after the date of death, i.e., July 9, 2016. Appellant's brief represents that tax returns were filed after the entry of the orders presently under appeal.[9] However, Appellant did not aver in her Reply to New Matter and Counter-Motions of Beverly Schenk, Paragraphs 19-29, filed December 29, 2016, that any late filing of

_____

[8] See Appellant's Brief at 13.
[9] See id. at 11.

those returns would affect the calculation of the advance distribution of the elective share requested by Appellee in the range of $1 million.[10]

No hearings were held prior to the orders of January 10 and 27, 2017. The pleadings of both parties reference status conferences, but no transcripts, if any exist, have been filed of record. The only information available to the orphans' court judge upon which to estimate the Appellee's elective share was contained in Appellant's Motion of December 1, 2016. His determination that advance distributions in the amount of $2,000,000.00, combined with the prior advance distributions to Appellee totaling $150,000.00, would not exceed Appellee's one-third elective share of the $9,000,000.00 Morgan Stanley account, was supported by the information available to him. Therefore, we reject Appellant's first claim.

In the second issue, Appellant argues the orphans' court erred in ordering that the electing spouse is entitled to select which Estate assets will comprise the value of Appellee's elective share. Appellant argues:

> In the Orders of Court being appealed herein, the Court directed the Estate to make the advance distributions to Beverly J. Schenk, "in cash or in kind, to be determined at the request of counsel for Mrs. Beverly J. Schenk …" Title 20 of the Pennsylvania Consolidated Statutes, Section 2211, subsection (b)(1), provides as follows:
>
> > Property which otherwise would pass by intestacy shall first be applied toward satisfaction of the spouse's elective share. The balance of the elective share shall then be

_____

[10] See Appellee's Response to Motion to Compel Production of Tangible Property to Estate and Counter-Motions for Advance Distribution, Interim Accounting, Removal of Executrix, 12/28/2016.

> charged separately against each conveyance subject to the election, the passing of property by will to be treated as a conveyance for this purpose, but <u>the spouse shall have no right to share in any particular item of property within each conveyance.</u>

Appellant's Brief at 16, citing 20 Pa.C.S. § 2211(b)(1) (emphasis and underling in original) (footnote omitted).

Appellant's argument, however, ignores the opening language of subsection (b), which states:

> In exercising its powers under subsection (a), the court shall honor any provision in the decedent's will or other conveyance concerning interests of those other than his spouse in the event of an election. Subject to any such provision, the court shall be guided by the following rules but shall have the power to supplement or depart from them, if in its opinion, a different determination of the rights of the spouse and others would more nearly carry out what would have been the particular decedent's intention had he known of the election.

20 Pa.C.S. § 2211(b) (emphasis added).

We conclude the orphans' court's decision properly exercises its equitable powers.[11] Accordingly, we affirm.

Orders affirmed.

---

[11] Based on representations in Appellee's brief and at oral argument, this issue appears to be moot. See Appellee's Brief at 14–16. Appellee points to testimony at a subsequent contempt hearing at which the parties were present. There, Stanley D. Pavkovich, the son of Beverly J. Schenk and executor of her estate, testified that no selection of assets would be necessary to satisfy payment of her elective share. See N.T., 3/2/2017, at 12–14.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2017